IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SHAWN LABARRON DAVIS                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 1:16-cv-80-HSO-JCG

COUNTY OF JACKSON,
MISSISSIPPI;
MIKE WRIGHT, *Captain*; WENDY
NEVALS, *Deputy*; MIKE EZELL,
*Sheriff*                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment (ECF No. 63)

filed by Defendants County of Jackson Mississippi, Mike Ezell, Wendy Nevals, and

Mike Wright. Plaintiff has not filed a response to date. Accordingly, the undersigned

proceeds without the benefit of a response from Plaintiff. Having considered

Defendants' arguments, the record as a whole, and relevant law, the undersigned

recommends that Defendants' Motion for Summary Judgment (ECF No. 63) be

GRANTED. Plaintiff's claims against all defendants should be dismissed with

prejudice for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

### A. Procedural History

Plaintiff Shawn LaBarron Davis is a prisoner in the custody of the

Mississippi Department of Corrections ("MDOC") housed at the Mississippi State

Penitentiary ("MSP") in Parchman, Mississippi. However, the subject of his lawsuit

is the conditions he experienced while incarcerated at the Jackson County Adult

Detention Center ("JCADC") in Pascagoula, Mississippi from May 4, 2015 to December 4, 2015. He filed his Complaint (ECF No. 1) on March 3, 2016, which alleges that Defendants violated his constitutional rights and seeks both monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

On June 27, 2016, Plaintiff sought leave to amend his Complaint to clarify that he did not assert claims against Defendants Ezell, Nevals, and Wright in their official capacities; he only intended to name them in their individual capacities. Motion to Amend Complaint (ECF No. 23). The Court granted this Motion to Amend Complaint on October 10, 2016. *See* Order (ECF No. 25). On January 18, 2017, the Court held an omnibus hearing,[1] during which Plaintiff supplemented the allegations in his Complaint. *See* Minute Entry Jan. 18, 2017; Transcript of Omnibus Hearing (ECF No. 50). Defendants thereafter filed the instant Motion for Summary Judgment (ECF No. 63) and accompanying Memorandum in Support (ECF No. 64) on May 12, 2017.

B. <u>Facts</u>

Plaintiff alleges that, while housed in zone K-E at the JCADC from May 4, 2015 to December 4, 2015, he was subjected to unconstitutional conditions of confinement. *See* Complaint (ECF No. 1, at 4-7); Omnibus Hearing Transcript (ECF No. 50, at 11). He alleges (1) that the cells on his unit lacked working light fixtures (though the open bay in the zone had functioning lights) and the nonfunctioning

---

[1] The omnibus hearing functioned as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

light fixtures had exposed asbestos-coated wires, (2) that water constantly leaked onto the floor from the "pipe chase" under the toilet in the neighboring cell, (3) that Plaintiff was at times forced to sleep on wet, moldy mats on the floor due to overcrowding, (4) that the zone became too cold in October and November 2015 because the heater was not turned on or was not working, (5) that certain toilets were broken and were therefore filled with unflushed urine, (6) that certain sinks were broken and the showers had no hot water, and (7) that the main door to zone K-E was broken, such that it could only be opened by physical force (when functioning properly, it operated remotely and electronically). *See* (ECF No. 1, at 4-7); (ECF No. 50, at 27-40).

Plaintiff maintains that Defendants were aware of these conditions and failed to remedy them. (ECF No. 1, at 6-7); (ECF No. 50, at 11-27). Moreover, he asserts that Defendants specifically placed certain inmates – including Plaintiff – in zone K-E as punishment for bad conduct. (ECF No. 50, at 20-27). Plaintiff asserts that he was "mentally and physically tortured by being forced to live in these poor and hazardous life threatening conditions at the [JCADC]." (ECF No. 1, at 5).

However, he identifies only two incidents in which any of these conditions caused him physical injury. In October 2015, he walked out of his cell and slipped on the water leaking out of the adjacent cell and fell on his back. (ECF No. 50, at 32-33). Other inmates helped him get up and staff provided him with "some medical treatment." *Id.* at 33, 36. Then, in November 2015 he "got sick because of that cold air" and was moved to a warmer part of the unit before later being given "some cold

medicine and a flu shot." *Id.* at 39-40. After December 4, 2015, Plaintiff was moved to the new facility built to replace the old JCADC. *See id.* at 40.

## II. DISCUSSION

### A. Legal Standards

#### a. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and

inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

### b. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Thus, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### B. Analysis

Defendants' Motion for Summary Judgment (ECF No. 63) argues that Defendants are entitled to qualified immunity from Plaintiff's claims because (1) Plaintiff's allegations do not establish that Defendants violated his constitutional rights and (2), even if Plaintiff's allegations do assert constitutional violations, Defendants' conduct was objectively reasonable under the circumstances. However,

the Court need not engage in this fact-intensive analysis because the record demonstrates that Plaintiff's claims for injunctive relief are moot and Plaintiff's claims for monetary damages are foreclosed by the absence of a more than *de minimis* physical injury.

Plaintiff's request for injunctive relief – he asks "for the Defendants to be removed from their 'authoritative capacity' over any and all humane conditions within the Jackson County Mississippi Sheriff's Department" (ECF No. 1, at 4) – is moot because he no longer is housed at the JCADC. *Fluker v. King*, 679 F. App'x 325, 328 (5th Cir. 2017); *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Moreover, he cannot be transferred back to the old JCADC because it no longer exists and has been replaced with a new facility. *Fluker*, 679 F. App'x at 328.

Plaintiff's claims for monetary damages are foreclosed by 42 U.S.C. § 1997e(e), which provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury…." The Fifth Circuit has held that such physical injury "must be more than *de minimis*, but need not be significant" in order to support a claim for mental or emotional suffering. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Plaintiff's allegations establish that he has suffered no constitutionally actionable physical injury. He alleges that he slipped on water and fell on his back, but does not describe any sort of meaningful injury resulting from this fall. He

alleges that he fell ill due to the cold temperature in the zone, but describes his illness as "a cold" and "a flu," from which he quickly recovered. These injuries are no more than *de minimis*. *Cf. Oliver v. Keller*, 289 F.3d 623, 629 (9th Cir. 2002) (holding that "back and leg pain from sitting and sleeping on the benches and floor of a temporary cell," injuries from a fight with another inmate that the plaintiff failed to describe, and "a painful canker sore" constituted *de minimis* physical injuries); *Siglar*, 112 F.3d at 193-94 (holding that "a sore, bruised ear lasting for three days" was *de minimis* physical injury). Because Plaintiff has failed to allege that he suffered sufficient physical injury, he may not recover for mental or emotional injury. Plaintiff has not stated a cognizable claim for monetary damages; his claims must be dismissed. 42 U.S.C. § 1997e(e); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

## III. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the Motion for Summary Judgment (ECF No. 63) filed by Defendants County of Jackson Mississippi, Mike Ezell, Wendy Nevals, and Mike Wright be GRANTED, and that Plaintiff's claims against all defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff should, therefore, be issued a strike pursuant to 28 U.S.C. § 1915(g).

## IV. <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file

written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 13th day of December, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE